IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JASON MICHAEL CARTER, Y44952, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 25-cv-1695-DWD |
| vs. | ) ) |
| MR. TOWELL, MENTAL HEALTH PROVIDER, ILL. DEPT. OF CORR., | ) ) ) ) |
| Defendant. | ) ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Jason Michael Carter, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Pinckneyville Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff alleges that in late-August of 2025 he voiced concerns about his mental health but did not get adequate care. Plaintiff's complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

On August 26, 2025, Plaintiff informed Defendant Towell that he was still hearing voices and that the voices were telling him to kill himself, thus he asked to speak with mental health. Towell allegedly said, "at least your alone in your cell, lets hope your meds start working soon." (Doc. 1 at 5). Plaintiff was then instructed to return to his cell. Plaintiff alleges in this lawsuit that Towell exhibited deliberate indifference to his serious mental health needs, that Towell's conduct amounted to cruel and unusual punishment, and that Towell violated his right to equal protection. Plaintiff's complaint was signed August 28, 2025. On the complaint form, he checked boxes indicating he submitted a grievance about this issue, but that the grievance had not yet been returned from the highest level of review. (Doc. 1 at 4).

## Analysis

The Prison Litigation Reform Act (PLRA) provides that a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey*, 544 F.3d 739, 740 (7th Cir. 2008). For a prisoner to properly exhaust his administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024. Although it is generally appropriate to wait for a defendant to raise an affirmative defense, the Seventh Circuit has noted that "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be

regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). A plaintiff can plead himself out of court, and if he includes allegations "that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted).

On October 17, 2025, the Court directed Plaintiff to show cause about his exhaustion of administrative remedies and indicated that it was not apparent from the face of the pleadings that there was any emergency basis to overlook the grievance requirements. (Doc. 6). Plaintiff has timely responded. (Doc. 7). In response, Plaintiff argues that he should not be forced to sustain actual harm before being able to seek recourse. He admits that he still has not finished the grievance process, or at least that he had not finished it by the time he filed his complaint. Instead, he argues that he should be allowed to proceed because mental health is serious, and he should not be forced to actually hurt himself before seeking help.

Plaintiff is confusing the merits of his claim with the procedural requirement that he exhaust a claim at the prison before filing a lawsuit. While Plaintiff is correct that he need not necessarily sustain bodily harm before filing a potentially successful lawsuit for deliberate indifference, he must procedurally complete an available grievance process. This is for the basic reason that prisons are much better suited to respond to day-to-day problems of inmate life than the Court is. The Illinois Department of Corrections has an emergency grievance process to afford inmates expedited review for sensitive issues. 20 Ill. Admin. Code § 504.840 (providing that if there is a substantial risk of imminent

personal injury, an inmate may file an emergency grievance, and the chief administrative officer shall review it expediently to determine if it should be handled on a rush basis). An inmate must use the grievance process before initiating a federal lawsuit and asking the Court to intervene. Plaintiff filed his suit within two days of his interaction with Defendant Towell. This is simply not enough time for even the emergency grievance process to have an opportunity to provide relief. *Fletcher v. Menard Corr. Ctr.*, 623 F.3d 1171 (7th Cir. 2010) (finding that there was no imminent danger reason to excuse the inmate's failure to exhaust prior to suing where his IDOC prison had an emergency grievance process, and he sued just two days after filing a grievance).

Furthermore, Plaintiff has not said anything in his complaint or in his response to show cause that suggests his situation has worsened since late August, or that he remains in an active mental health emergency. On the available facts, Plaintiff has clearly sued first and has not afforded the exhaustion process any reasonable opportunity to afford relief. Accordingly, Plaintiff's complaint will be dismissed without prejudice for failure to exhaust. This does not prevent Plaintiff from filing a new suit once he receives a final grievance response.

## DISPOSITION

**IT IS HEREBY ORDERED THAT** Plaintiff's Complaint is dismissed without prejudice for failure to exhaust his administrative remedies prior to filing suit as required by 42 U.S.C. § 1997e(a). The Clerk of Court shall enter judgment and **CLOSE** this case.

**IT IS SO ORDERED.**

**DATED:** December 17, 2025

/s/ *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge